IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Laurie Long, | ) Civil Action No. 3:06-1199-JFA-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Wray Automotive, Inc., and Wilmor | ) **REPORT AND RECOMMENDATION** |
| Harold Wray, Jr., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Laurie Long ("Long"), originally filed this action in the Court of Common Pleas of Richland County. Defendants, Wray Automotive, Inc. ("Wray Automotive") and Wilmor Harold Wray, Jr. ("W. Wray") removed the action to this Court on April 20, 2006. The complaint alleges a Title VII retaliation claim under the opposition clause against her employer, Wray Automotive. Additionally, the complaint alleges three supplemental claims against W. Wray. W. Wray moved to dismiss these supplemental claims for failure to state a cause of action on July 14, 2006. Long filed her response on July 28, 2006, and W. Wray filed a reply on August 9, 2006. The undersigned requested additional briefing at a hearing held on October 3, 2006. W.Wray filed a supplemental brief on October 17, 2006. Long filed her response on October 18, 2006.

W. Wray's motion raises an interesting question of South Carolina law. Long's claims involve her daughter, Betty Yvonne Brunson ("Brunson"), who was also an employee of Wray Automotive. Long's Title VII claim asserts that she opposed the sexual harassment of female employees including Brunson by Wray Automotive managers including W. Wray. Long states supplemental claims that W. Wray subjected Brunson to assault (Second Cause of Action), battery

(Third Cause of Action), and outrage (Fourth Cause of Action).[1]  Long alleges that each of these intentional torts caused her "to lose the society and companionship of her daughter, Brunson."  At the hearing, Long conceded that her supplemental claims were based solely on a loss of consortium with her daughter.  The issue before the Court is whether a parent may due for loss of consortium with his or her child under South Carolina law.

Professors Hubbard and Felix answer this question in the affirmative.  In their discussion of loss of consortium under South Carolina law, they state:

> A spouse may claim for damages for loss of consortium, which encompasses damages for loss of the services, society, and companionship of the other spouse.  At common law this cause of action existed only in favor of the husband.  South Carolina Code Section 15-75-20 provides that either spouse may sue for loss of the services and companionship of the other.  There is no right for children to sue for loss of parental consortium.  However, there is authority for allowing a parent to sue for loss of services (and perhaps companionship) of a child. (Footnotes omitted).

F. P. Hubbard & R. L. Felix, The South Carolina Law of Torts, 585-85 (3rd ed. 2004).  The authors cite three cases as authority that a parent may maintain a loss of consortium action based on an injury to his or her child.  In Webb v. Southern Ry. Co., 104 S.C. 89, 88 S.E. 297 (1916), a mother brought a loss of consortium action where the defendant took her son from South Carolina into North Carolina and placed him in dangerous employment.  He was injured in an accident and lost his leg.  The court held that the mother was entitled to recover for "consequent loss of service" and "companionship."  In Tollerson v. Atlantic Coast Line R. Co., 188 S.C. 67, 198 S.E. 164, 166 (1938), the Circuit Court stated "the weight of authority seems to sustain recovery for any loss of

---

[1]As might be expected Brunson filed a companion action, Brunson v. Wray, et al., 05-146-JFA-JRM.  That case has been settled.

services [of a child] to the parent from the time of injury to death."[2]  The Supreme Court affirmed dismissal of the case on procedural grounds.  Last, in <u>Wright v. Colleton County School District</u>, 301 S.C. 282, 391 S.E.2d 564, 568-69 (S.Ct. 1990), the court held that a parent could recover for loss of services of an injured child under the South Carolina Tort Claims Act because the parent would have been able to recover against a private party under South Carolina law citing <u>Gosnell v. Dorchester School District No. 2</u>, 301 S.C. 21, 389 S.E.2d 865 (1990).

Based on these precedents, the undersigned finds that a parent may maintain an action for loss of consortium following an injury to his or her child.  This conclusion is reached despite the fact that the Honorable Patrick Michael Duffy, United States District Judge reached the opposition conclusion in <u>Kirkland v. Sam's East, Inc</u>., 411 F.Supp.2d 639, 641 ("South Carolina does not recognize a cause of action for filial loss of consortium.").  In so holding, Judge Duffy cited <u>Taylor v. Medenica</u>, 324 S.C. 200, 479 S.E.2d 35 (1996) which held that there was no basis under South Carolina for a child to bring a loss of consortium action after injury to a parent.  In <u>Taylor</u>, the Court indicated that it was best left to the Legislature to create such a cause of action.  The difference between <u>Taylor</u> and the present case is that there has never been a common law right for a child to sue for a loss of consortium after an injury to a parent.  However, the undersigned concludes that under the common law of South Carolina, a parent may bring an action for loss of consortium following an injury to his or her child and that such cause of action was not abrogated by the enactment of S.C. Code Ann. § 15-75-20.  See <u>Crowder v. Carroll</u>, 215 S.C. 192, 199, 161 S.E.2d 235, 238 (1968).

---

[2]The court rejected the "wrongful death" concept as a matter of common law.

3

It is, therefore, recommended that the motion to dismiss of W. Wray be denied.[3]

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

October 31, 2006
Columbia, South Carolina

---

[3]The cases cited by Professors Hubbard and Felix discussed above all apply to a parent's right to recover for loss of consortium of a **minor** child.  The parties have not discussed the limitation of the right on this basis.  The undersigned assumes that Brunson is an adult.

4