IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Laurie Long, | ) Civil Action No.: 3:06-cv-1199-JFA |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER ON DEFENDANT'S** |
| | ) **MOTION TO DISMISS** |
| Wray Automotive, Inc., and Wilmor | ) |
| Harold Wray, Jr., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") made pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(g) (D.S.C.).

      The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

1

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Magistrate Judge recommended the denial of defendant Wilmor Harold Wray, Jr's motion to dismiss plaintiff's second, third, and fourth causes of action for failure to state a claim upon which relief can be granted. Based upon the following discussion, this court declines to follow the Magistrate Judge's Report. Accordingly, defendant's motion to dismiss is GRANTED.

## I. BRIEF STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff, Laurie Long, initially filed this action in the Court of Common Pleas of Richland County on March 20, 2006. Defendants, Wray Automotive, Inc. ("Wray") and Wilmor Harold Wray, Jr. ("Wray Jr.") subsequently removed this action to federal court on April 20, 2006. Pursuant to Local Rule 73.02(B)(2)(g), the case was referred to the United States Magistrate Judge.

In her complaint, plaintiff asserts several causes of action against defendants, including a Title VII claim against her former employer, Wray, for allegedly opposing Wray's unlawful employment practices and discrimination. This alleged discrimination included the supposed sexual harassment of a number of Wray employees, including the daughter of plaintiff, Yvonne Brunson ("Brunson"). The complaint also alleges that Wray, Jr. subjected Brunson to a variety of intentional torts, including assault, battery, and outrage. Plaintiff contends Wray, Jr.'s alleged torts caused her to "lose the society and companionship" of her daughter, Brunson.

On July 14, 2006, defendant Wray, Jr. filed a motion to dismiss all of plaintiff's three tort claims for failing to state a cause of action. See FED. R. CIV. P. 12(b)(6). Plaintiff filed her response on July 28, 2006, and defendant filed both a reply and supplemental reply.

At a hearing before the Magistrate Judge, plaintiff admitted that these three tort claims were grounded exclusively on plaintiff's alleged loss of consortium with Brunson. Thus, the sole question presented to the Magistrate Judge was whether South Carolina law recognizes an action by a parent for loss of a consortium of his or her child, also known as the loss of "filial consortium." In his Report, the magistrate judge concluded that South Carolina law does recognize this cause of action. Specifically, the magistrate judge found that such a cause of action existed in South Carolina in the early common law and has never been abrogated by statute. See, e.g. Webb v. Southern Ry. Co., 88 S.E. 297 (S.C. 1916); Tollerson v. Atlantic Coast Line Ry. Co., 198 S.E. 164 (S.C. 1938). Additionally, the Magistrate Judge relied upon an academic journal to support his Report. See F.P. Hubbard & R.L. Felix, THE SOUTH CAROLINA LAW OF TORTS, 585-586 (3rd ed. 2004)(stating that "there is authority for allowing for loss of services (and perhaps companionship) of a child.").

On November 14, 2006, defendant Wray, Jr. filed his objections to the Magistrate Judge's Report recommending denying the motion to dismiss. One week later, plaintiff filed her response to defendant's objections indicating that she was relying solely on her prior memoranda in opposition to defendant's motion to dismiss and the Magistrate Judge's Report itself.

3

## II. DISCUSSION AND ANALYSIS

### A. STANDARD FOR 12(b) MOTION TO DISMISS

A motion to dismiss should be granted only when it appears that plaintiff can prove no set of facts in support of a claim that would entitle plaintiff to relief on that claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the court must view the complaint in the light most favorable to plaintiff and resolve every doubt in plaintiff's favor. The plaintiff's allegations are to be taken as true for the purpose of ruling upon the motion. Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969). In addition, any inference reasonably drawn from the complaint must be considered together with plaintiff's allegations of fact. Murray v. City of Milford, 380 F.2d 468, 470 (2d Cir. 1967). However, the court may not consider conclusions of law or unwarranted deductions of fact. Mylan Laboratories, Inc. v. Akzo, N.V., 770 F. Supp. 1053, 1059 (D.Md. 1991). It is also well-settled that a complaint cannot be amended by plaintiff's briefs in opposition to a motion to dismiss. Id. at 1068.

### B. DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

Defendant Wray, Jr. objects to the Magistrate Judge's Report, which recommends that this court hold that South Carolina law recognizes the cause of action for loss of filial consortium. First, defendant argues that the treatise cited by the Magistrate Judge merely suggests that such a cause of action could arguably exist in South Carolina. In particular, defendant states that it is the opinion of the professors that such a claim could exist based on prior South Carolina caselaw that has allowed a parent to recover for the loss of services

4

from an injured child. Additionally, defendant contends that the three South Carolina cases the Magistrate Judge relies upon in his Report do not definitively establish that the cause of action for loss of filial consortium is a recognized claim under South Carolina law. Instead, defendant claims that these cases only hold that a parent could bring an action for the loss of services of an injured child and fails to address anywhere the concept of loss of consortium or the "loss of society and companionship" of a child.

Defendant also contends that the Magistrate Judge erred in his Report by failing to follow controlling precedent on this issue. Specifically, defendant cites to a recent United States District Court case in South Carolina, in which Judge Patrick Michael Duffy held that South Carolina law does not recognize the cause of action for loss of filial consortium. See Kirkland v. Sam's East, Inc., 411 F.Supp.2d 639, 641 (D.S.C. 2005)(holding "South Carolina does not recognize a cause of action for filial consortium."). Furthermore, defendant claims that the decision whether to recognize this cause of action is best left up to the South Carolina General Assembly, not the courts. For support in this particular argument, defendant relies upon the South Carolina Supreme Court case of Taylor v. Medinica, 479 S.E.2d 35 (S.C. 1996).

Finally, as a fall back position, defendant alternatively argues that if a common law claim for filial consortium ever existed under South Carolina law, the South Carolina General Assembly in only authorizing the loss of consortium claim between spouses necessarily abrogated any common law cause of action for filial consortium. See S.C. CODE ANN. § 15-75-20 (establishing the cause of action for loss of companionship of a spouse). See Barnwell

v. Barber-Colman Co., 393 S.E.2d 162, 163 (S.C. 1989)(stating that "[w]here a legislature has, by statute, acted upon a subject, the judiciary is limited to interpretation and construction of that statute" [and] "cannot read into a statute something that is not within the manifest intention of the Legislature.").

### C. ANALYSIS

In light of the standard set out above, this court has reviewed, *de novo*, the record, the Report of the magistrate judge, together with the defendant's objections thereto, and holds that defendant is entitled to dismissal of plaintiff's second, third, and fourth causes of action for failure to state claims upon which relief can be granted. Specifically, this court finds persuasive the holdings in both Kirkland and Taylor as dispositive on the motion to dismiss currently before the court.

In Kirkland, the plaintiffs, who were parents of a young girl, brought suit against the defendant for failure to warn of possible design defects of a tire, which ultimately caused injury to their daughter in an automobile accident. Kirkland, 411 F.Supp.2d 639, 640 (D.S.C. 2005). As part of their lawsuit, plaintiffs brought a cause of action for the loss of companionship, society, and comfort of their injured daughter. Id. On defendant's motion for partial summary judgment, the United States District Court for the District of South Carolina held that the loss of filial consortium is not a recognized cause of action in South Carolina. Id. at 641. In reaching its decision, the District Court relied exclusively on the recent South Carolina Supreme Court case of Taylor, 479 S.E.2d 35 (S.C. 1996).

In Taylor, the South Carolina Supreme Court addressed whether South Carolina recognized the cause of action for loss of parental consortium. Id. at 47. The Court held that such a cause of action did not exist in South Carolina. Id. The Court reasoned that the South Carolina General Assembly had previously determined that a cause of action for a loss of consortium should exist between spouses, but failed to authorize any other cause of action for loss of consortium. Therefore, the Court believed that any decision whether to recognize a claim for loss of parental consortium was a matter best left to the South Carolina General Assembly, not the courts. Id. Applying Taylor to the facts in Kirkland, the District Court similarly concluded that the General Assembly, not the courts, was in the best position to decide whether South Carolina should recognize a cause of action for loss of filial consortium. Kirkland, 411 F.Supp.2d at 641.

When a federal district court is confronted with an unresolved question of state law, it is the obligation of the court to predict the likely outcome if the highest court of the state were to actually rule on the undecided issue. See Private Mort. Inv. Servs., Inc. v. Hotel and Club Associates, Inc., 296 F.3d 308, 312 (4th Cir. 2002). In predicting the decision, the court can consider a number of sources, including "recent pronouncements of general rules or policies by the state's highest court." Liberty Mut. Ins. Co. v. Triangle Indus. Inc., 957 F.2d 1153, 1156 (4th Cir. 1992)(citing Woodruff v. Tomlin, 616 F.2d 924, 930 (6th Cir. 1980)), cert. denied, 449 U.S. 888.

In the instant case, this court holds that any decision whether to recognize the cause of action for loss of filial consortium is a matter best left to the discretion of the South

Carolina General Assembly, not this court. In <u>Taylor</u>, the South Carolina Supreme Court unanimously held that the creation for a cause of action in the area of loss of consortium should be decided by the legislature. <u>Taylor</u>, 479 S.E.2d at 47. The Court unambiguously stated:

> By enacting S.C. Code Ann. § 15-75-20, the legislature provided for loss of consortium actions for spouses. The statute has not been amended to provide a similar cause of action for children. Whether South Carolina should recognize a cause of action for loss of parental consortium is a matter best left to the discretion of the General Assembly. <u>Id</u>.

Thus, the Court held as a policy matter that any extension of a cause of action for loss of consortium should be delegated to the South Carolina General Assembly. While <u>Taylor</u> only addressed whether South Carolina recognized a cause of action for loss of parental consortium, this court finds that there is no reason why the same logic would not apply to a claim for loss of filial consortium, as well. Accordingly, this court holds that any decision whether to create a cause of action for loss of filial consortium should similarly be left exclusively to the South Carolina General Assembly.

This court is also unpersuaded by plaintiff's arguments and the Magistrate Judge's Report both asserting that the loss of filial consortium is a recognized common law cause of action in South Carolina. The Magistrate Judge relied upon several cases in finding the existence of this cause of action. <u>See</u>, <u>e.g.</u> <u>Webb v. Southern Ry. Co.</u>, 88 S.E. 297 (S.C. 1916); <u>Tollerson v. Atlantic Coast Line R. Co.</u>, 198 S.E. 164 (S.C. 1938); <u>Wright v. Colleton County School District</u>, 391 S.E.2d 564 (S.C. 1990). In <u>Webb</u>, the plaintiff, the mother of an eighteen-year old child, brought suit against the defendant railway company for allegedly

"carrying and deporting" away her child without her consent into North Carolina to work for defendant. While defendant transported plaintiff's child to North Carolina, the child was struck and seriously injured by a passenger trained owned by defendant. Id. at 298. On appeal, the South Carolina Supreme Court affirmed a jury verdict awarding the plaintiff monetary damages for the loss of her child's services.

Similarly, in Tollerson v. Atlantic Coast Line Ry. Co., the plaintiff, a mother, brought suit against her son's employer for the death of her son that occurred while he was working for the employer. Tollerson, 198 S.E.164, 165 (S.C. 1938). Plaintiff alleged that her son's death resulted in loss "of the services and companionship of her son, of his contributions to her support, of his funeral expenses....and of great grief, mental anguish, and suffering." Id. The Court allowed the plaintiff to recover for the loss of prospective services of her minor child up to and until his death. Id. at 166. Finally, in Wright v. Colleton County School District, a minor child was seriously injured while working on the premises owned by the Colleton County School District. Wright, 391 S.E.2d 564, 566 (S.C. 1990). The child's mother brought suit, under the South Carolina Tort Claims Act, against the School District for hospital and medical bills and for the loss of services of her minor son. On appeal, the Supreme Court of South Carolina held that the parent's mother could recover for the child's medical bills as well as the loss of her child's services.

Both Webb and Tollerson are very old cases. While the South Carolina Supreme Court has never directly overruled their holdings, it is doubtful whether they could be read to establish a common law cause of action for loss of filial consortium. First, neither case

9

even mentions the concept of loss of consortium. Instead, both cases focus on a separate cause of action involving the parent's loss of his or her child's services. See Laughter v. Aventis Pasteur, Inc., 291 F.Supp.2d 406, 413 (M.D. N.C. 2003)(distinguishing the cause of action for loss of filial consortium from a claim for the loss of child's services and holding the recognition of a cause of action for loss of services does not establish a cause of action for loss of filial consortium). Accordingly, it is certainly questionable whether these cases stand for the recognition for the loss of filial consortium. Furthermore, even if the cases could be interpreted as to create a valid cause of action for loss of filial consortium, they are clearly contrary to the most recent South Carolina Supreme Court decision in Taylor, which counsels substantial deference to the legislature on this subject matter. Accordingly, if these cases were interpreted as the plaintiff and Magistrate Judge now suggest, the Supreme Court, given the appropriate opportunity, would most likely overrule them. See Galindo v. Precision Amer. Corp., 754 F.2d 1212, 1217 (5th Cir. 1985)(internal citations omitted)("where no state court has decided the [unresolved state] issue a federal court must make an educated guess as to how the state's supreme court would rule.")

      Finally, Wright offers no support for the creation of a common law claim for loss of filial consortium, as well. Wright involved the proper interpretation of the words "loss" and "bodily injury" under the South Carolina Tort Claims Act. There is no indication that the South Carolina Supreme Court was establishing a common law cause of action for loss of filial consortium, as plaintiff and the magistrate judge suggest. Moreover, Wright was decided six years prior to Taylor, which is presently the most recent South Carolina Supreme

10

Court case on this issue. As stated previously, Taylor suggests a general attitude of deference by the Supreme Court to the state legislature in deciding whether to establish causes of action involving the loss of consortium. Therefore, to the extent that Wright intimates a common law claim for loss of filial consortium, Taylor would effectively overrule this common law claim.

### III. CONCLUSION

Based upon the foregoing discussion, this court declines to follow the Magistrate Judge's report. Accordingly, defendant's motion to dismiss plaintiff's second, third, and fourth causes of action is GRANTED.

IT IS SO ORDERED.

*Joseph F. Anderson Jr.*

December 8, 2006                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge