UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Laurie Long, | ) | C/A No.: 3:06-1199-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Wray Automotive, Inc., and | ) | |
| Wilmor Harold Wray, Jr., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the magistrate judge's report and recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g) (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1, *et seq*.

Plaintiff and plaintiff's 17-year-old daughter, Yvonne Brunson ("Brunson"), worked for defendant Wray Automotive, Inc. ("Wray"). Between February 14 and February 23, 2004, Brunson was subject to sexual harassment by Wilmor Harold Wray, Jr. ("Wray, Jr."). Wray, Jr. is the vice-president of Wray and son of Harold Wray, Sr. ("Wray, Sr."), the owner of Wray Mazda, one of two automotive dealerships operated by Wray. Plaintiff's claims derive from events surrounding the sexual harassment of Brunson.

Brunson informed two people that she had been sexually harassed by Wray, Jr., plaintiff and her boyfriend, who was employed at another Wray dealership. After hearing rumors of the incident from Wray employees, Wray, Sr. and Lorraine Lester ("Lester"), Wray's Comptroller, held a meeting with Brunson on February 23, 2004, which plaintiff attended. In the meeting, Wray, Sr. offered to transfer Brunson to another location so that she would not have contact with Wray, Jr. Plaintiff and Brunson left work after the meeting. Brunson did not return to work after that day.

Plaintiff was given the next day, February 24, 2004, off from work. Plaintiff returned to work on February 25, 2004, and also worked on February 26 and 27, 2004. During this three-day period, plaintiff was orally criticized for poor job performance by Bridgette Benso ("Benso") and Lester. On March 1, 2004, plaintiff met with Lester, and they agreed that plaintiff would receive the week off as paid leave and return to work on March 8, 2004. The next day, Lester wrote plaintiff a letter memorializing their conversation, stating that her job was not at risk and offering to assist her in obtaining counseling.

Long did not report to work on March 8, 2004. On March 15, 2004, Lester wrote Long to inform her that she was entitled to twelve weeks of unpaid leave under the Family Medical Leave Act ("FMLA") beginning that day. The letter also indicated that plaintiff's medical insurance would be paid and that she would be required to submit periodic status reports.

On November 11, 2004, Julie-Ann Jacobs, Wray's Human Resources Director, wrote plaintiff informing her that she must provide information on her ability to return to work by November 19, 2004, or she would be considered to have voluntarily resigned. Plaintiff did not provide the requested information and did not return to work, and her employment ended on November 19, 2004. Plaintiff's health insurance benefits were terminated on December 1, 2004.

On October 28, 2004, plaintiff filed a charge of discrimination with the South Carolina Human Affairs Commission ("SCHAC"), alleging retaliation and gender discrimination. On that day, SCHAC waived deferral, and the United States Equal Employment Opportunity Commission (EEOC) completed the investigation. The EEOC sent plaintiff a right to sue letter on January 13, 2006.

On March 20, 2006, plaintiff filed this action in the Court of Common Pleas for Richland County. Defendant removed the case on April 20, 2006. The complaint alleges that defendant, Long's former employer, discriminated against her because of her gender in violation of Title VII, 42 U.S.C. § 2000e-1, *et seq*.[1] Plaintiff asserts three theories of gender discrimination: (1) hostile work environment; (2) retaliation; and (3) constructive discharge.[2]

---

[1] Counts II, III, and IV of the complaint also allege state law claims against Wray, Jr.; however, those claims were dismissed by Order of the Honorable Joseph F. Anderson, Jr. Entered December 8, 2006, so Wray is the only defendant remaining in this action.

[2] Defendant's motion sought summary judgment on plaintiff's denial of promotion, retaliation, and constructive discharge claims. Plaintiff's response addressed retaliation and constructive discharge, but not denial of promotion, and raised a hostile work environment claim that was not initially pled in the complaint. Defendant's reply acknowledged that plaintiff dropped the constructive discharge claim, and replied to the hostile work environment claim. In the report and recommendation, the magistrate assumed that the parties agreed that the hostile work environment, retaliation, and constructive discharge claims were the only claims remaining. Plaintiff did not object to this assumption.

Defendant filed a motion for summary judgment on February 1, 2007. Plaintiff filed a memorandum in opposition on March 16, 2007, and defendant filed a reply on March 21, 2007. Additionally, defendant filed a motion for partial summary judgment relating to plaintiff's claim for damages on March 16, 2007. Plaintiff filed a motion in opposition on April 12, 2007, and defendant filed a reply on April 19, 2007. On August 15, 2007, the magistrate judge filed a detailed and comprehensive report and recommendation recommending that defendant's motion for summary judgment be granted and that defendant's motion for partial summary judgment be denied without prejudice. Plaintiff filed objections on August 29, 2007.

In light of the standard set out above, the court has reviewed, *de novo*, the record, the law, the report and recommendation of the magistrate judge, and the plaintiff's objections thereto. The court finds there are no genuine issues of any material fact under Fed.R.Civ.P. 56, and defendant is entitled to judgment as a matter of law on the claims discussed below.

**I.     Hostile Work Environment**

Plaintiff's hostile work environment claim is dismissed because plaintiff cannot establish a prima facie case of hostile work environment based on gender. Plaintiff has presented no evidence that she was harassed because of her sex, or that such harassment was sufficiently severe or pervasive to create an abusive working environment. Only two criticisms from female employees were directed at plaintiff, and plaintiff has not shown that they were made based on her gender.

Plaintiff puts forth a second-hand harassment theory, and argues that the sexual harassment suffered by Brunson subjected her to a sexually hostile work environment. Plaintiff cites cases in support of her second-hand harassment claim. However, the cases support the theory that evidence of second-hand harassment may be used to support claims of discrimination by employees who are themselves members of the protected class subject to the harassment. Plaintiff's Title VII

discrimination claim is based on her relationship to a minor child that was sexually harassed, and not her individual status as a woman who is herself subject to harassment. Under plaintiff's logic, a father would be entitled to bring a Title VII claim of gender discrimination against a company for the sexual harassment of his co-employee minor daughter.

Plaintiff's hostile work environment claim cannot prevail on this second-hand harassment theory, because plaintiff presents no evidence of harassment actually directed at plaintiff on the basis of her gender that would be actionable under Title VII. Therefore, plaintiff's hostile work environment claim is dismissed.

## II.     Retaliation

Plaintiff's retaliation claim is dismissed because plaintiff cannot establish a prima facie case of retaliation. Plaintiff has presented no evidence that Wray took materially adverse employment action against her. Plaintiff identifies two conversations that she had with Lester and Brunson in which her job performance was criticized, but these actions would not deter a reasonable employee from initiating a complaint of gender discrimination. In her objection, plaintiff merely states that all employees know that reprimands by supervisors can chill employee conduct protected by Title VII. Plaintiff, however, has failed to demonstrate that these two reprimands satisfy the standard for materially adverse employment action. Therefore, plaintiff's retaliation claim is dismissed.

## III.    Constructive Discharge

Plaintiff's constructive discharge claim is dismissed because plaintiff provides no evidence of deliberate action taken by Wray in an effort to force plaintiff to quit. As previously discussed, plaintiff cannot prove constructive discharge on the basis of her gender, because she only claims second-hand harassment, and cannot show retaliation. Furthermore, the two reprimands directed at

plaintiff do not show deliberate action taken in an effort to force plaintiff to resign or to make plaintiff's working conditions intolerable.

Plaintiff argues that defendant's failure to terminate Wray, Jr. constitutes evidence of deliberate or calculated action to force plaintiff to resign, because defendant could not realistically expect her to return to work with the man who sexually assaulted her minor daughter. This argument again attempts to base a Title VII action on plaintiff's relationship to the victim, and not on her status as a woman. Plaintiff has not presented evidence of action taken by defendant that would force a reasonable person to resign, and further has not shown any such conduct directed at her on the basis of her sex. Therefore, plaintiff's constructive discharge claim is dismissed.

## IV.  Conclusion

For the foregoing reasons, the report and recommendation of the magistrate is incorporated herein by reference and adopted as the order of this court. The plaintiff's objections are overruled, and the defendant's motion for summary judgment is granted. Defendant's motion for partial summary judgment as to damages is moot because all remaining claims against defendant are dismissed, and so is denied without prejudice.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

August 31, 2007                              Judge Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge